# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**WILLIAM F. SANFORD,** *et al.*                                                              **PLAINTIFFS**

**VERSUS**                                          **CIVIL ACTION NO.   2:11cv122-KS-MTP**

**TIAA-CREF INDIVIDUAL & INSTITUTIONAL**                               **DEFENDANT**
**SERVICES, LLC**

## ORDER

THIS MATTER is before the Court in this ERISA-related matter on the Plaintiff's Motion [13] for Contempt, to Compel, for Sanctions, for Extension of Deadlines and for Discovery.  Also up for consideration is Plaintiff's Motion [19] to withdraw those portions of Motion [13] demanding sanctions and a finding of contempt. The Court having carefully considered the parties' submissions[1] and the applicable law hereby finds that Motion [13] should be granted in part and denied in part as set forth herein. Additionally, Motion [19] will be granted.

Proceeding individually and as executor of the Estate of Gerlinde U. Sanford, William Sanford initiated this matter in the Chancery Court of Lamar County, Mississippi against TIAA-CREF Individual & Institutional Services, LLC. ("TIAA-CREF").  TIAA-CREF subsequently removed the matter to this Court.  *See* docket entry [1].

William Sanford was married to Gerlinde Sanford and they remained married to one another until the time of her death in 2010.  According to the Complaint, Gerlinde Sanford maintained certain assets with TIAA-CREF in a retirement account qualified for tax-deferred treatment and "subject to the regulation of ERISA."  The gist of William Sanford's Complaint is

---

[1]The Court also held a telephonic hearing on January 12, 2012 to gather input from the parties.

that his late wife executed a power of attorney the day before she died, naming Gerd K. Schneider and Georgia A. Schneider as her attorneys in fact. He alleges that Gerlinde Sanford was subjected to undue influence by, and was in a confidential relationship with, the Schneiders and that Gerlinde Sanford was incompetent to execute the power of attorney.

Armed with the freshly-executed power of attorney, the Schneiders, according to Plaintiff, executed a form with TIAA-CREF changing the primary beneficiaries of the account to persons other than William A. Sanford. The new beneficiaries were the siblings of Gerlinde Sanford. This change of beneficiary was apparently accomplished on the date of her death. Aside from challenges that the change of beneficiary is not valid for reasons of undue influence and diminished capacity or incompetence, Plaintiff further alleges that the change of beneficiary should not be recognized as it purports to transfer more than a 100% interest in the account and violates restrictions on the transfer of marital property in violation of unspecified Mississippi law.

Significantly, Plaintiff does not name the Schneiders as defendants. The sole defendant is TIAA-CREF, the plan administrator. Numerous claims and causes of action are asserted, but the ultimate question involves whether Plaintiff is entitled to recover from TIAA-CREF all or part of the sums paid out to the new disputed beneficiaries or otherwise held by TIAA-CREF.

Following removal, this matter was set for a Case Management Conference. At the conference the Court, after hearing from all parties, determined that the most efficient course of action would be to address Defendant's preemption defense at the outset. TIAA-CREF has argued that many of the claims and causes of action asserted against it are preempted by ERISA. Accordingly, the Court set a deadline for TIAA-CREF to file a motion to dismiss on preemption

grounds and stayed discovery pending disposition of the motion. The goal was to avoid protracted and costly discovery over issues that may not be properly before the Court.

In the [10] initial case management order, the Court directed TIAA-CREF to file the administrative record. TIAA-CREF filed the record as ordered on September 20, 2011. *See* docket entries [11] [12]. However, it redacted certain portions of the record apparently contending that those portions are protected from disclosure by the attorney-client privilege. The redaction of the record led to the current [13] motion.

As noted above, much of the instant motion is presently moot. The demands for sanctions and a contempt citation have been withdrawn. Plaintiff's request for more time to respond to the motion to dismiss has been addressed by the District Judge who directed the parties to contact his office for a briefing schedule once the discovery portion of the current motion was addressed by the undersigned. *See* Order [18].

Two discovery issues remain: whether Plaintiff should be allowed to conduct discovery and whether TIAA-CREF may withhold part of the administrative record on privilege grounds.

As to conducting discovery, Plaintiff cites *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011), for the proposition that limited discovery may be permitted in ERISA cases in certain instances such as determining the completeness of the administrative record. Plaintiff says that discovery should be permitted because "TIAA-CREF obviously is attempting to hide something." Motion [13], para. XI.

As an initial matter, most of the discovery sought has no bearing on the preemption question. Whether the claims are preempted is a question of law. *See McNeil v. Time Insurance Co.*, 205 F. 3d 179, 187 (5th Cir. 2000). Thus, in large part, the demand for discovery remains

premature.

Having said that, one area of the Plaintiff's motion–the completeness of the administrative record–bears further scrutiny. In paragraph VI. of the motion, Plaintiff observes that the record references, on multiple occasions, documents being sent to "imaging." However, Plaintiff fears that the actual images of the documents are not part of the record. Specific citations to the record are not included in the motion and TIAA-CREF did not address this argument in its response to the motion.

While TIAA-CREF may or may not be correct in its assertion that the completeness of the record does not bear on the preemption issue, the Court still must have a complete record. Accordingly, on or before January 25, 2012, counsel for Plaintiff shall notify TIAA-CREF in writing of the specific instances in the record where documents were sent to "imaging" and do not appear to be included in the record filed with the Court. On or before February 10, 2012, TIAA-CREF shall identify where these documents are located in the record or explain why they are not included. This response shall be in writing and provided to Plaintiff's counsel. Once this process is completed, any issues not rendered moot may be addressed on appropriate motion.

The remaining issue in the motion involves documents redacted or withheld from the record on grounds of attorney-client privilege. The parties' submissions do not thoroughly address whether the documents at issue may be withheld from the record. Moreover, as Plaintiff has not been provided information regarding the withheld or redacted records, a meaningful challenge is impossible.

When documents are withheld on grounds of privilege, the withholding party is obligated to submit a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); L. U. Civ. R. 26(a)(1)(C). The same

process should be employed here.  TIAA-CREF shall provide Plaintiff with a privilege log with the information required by the federal and local rules on or before January 25, 2012.  Plaintiff shall have until February 10, 2012 to challenge the privilege log[2] and, on or before February 25, 2012, TIAA-CREF shall respond to Plaintiff's challenge and shall submit to the Court for *in camera* review copies of all documents withheld or redacted on grounds of privilege.  The redacted records shall be submitted in both redacted and unredacted form to allow for comparison.  The records shall also be accompanied by a memorandum brief, filed of record, citing any authorities TIAA-CREF relies on to support its claim(s) of privilege.  On or before March 2, 2012, Plaintiff shall submit a responsive memorandum after which the Court will issue an order identifying any documents that may be withheld or must be included in the record.

**IT IS, THEREFORE, ORDERED** as follows:

1. Motion [19] is granted.  Any demands for sanctions or for contempt findings in motion [13] are deemed withdrawn and are moot.

2. The remainder of Motion [13] is granted to the extent set forth above.  Any other relief demanded in the Motion is denied.

**SO ORDERED** this the 13th day of January, 2012.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The challenge shall be in the form of a memorandum of authorities filed of record.