IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIAM F. SANFORD, et al.**                                                 **PLAINTIFFS**

v.                                              **CIVIL ACTION NO. 2:11-CV-122-KS-MTP**

**TIAA-CREF INDIVIDUAL &
INSTITUTIONAL SERVICES, LLC**                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Dismiss [14]. Plaintiff's state law claims are dismissed with prejudice.

### I. BACKGROUND

The individual Plaintiff is the former husband of Gerlinde U. Sanford, who died on April 27, 2010. During her lifetime, Ms. Sanford accumulated assets in a retirement account with Defendant. On the day before she died, Ms. Sanford executed a power of attorney to Gerd. K. Schneider and Georgia A. Schneider. One day later, the Schneiders presented the power of attorney to Defendant and attempted to change the beneficiaries on the account to Ms. Sanford's siblings. Plaintiff believes that the power of attorney was invalid for a number of reasons, and Plaintiff further believes that the Schneiders used the invalid power of attorney to transfer a fifty percent interest in the account to Ms. Sanford's siblings.

Plaintiff alleges that Defendant initially rejected the attempt to change the beneficiary of Ms. Sanford's account, but that it subsequently reversed its position and allowed the transfer. Plaintiff further alleges that Defendant wrongfully distributed

funds from Ms. Sanford's account while it was aware, or should have been aware, that the power of attorney was invalid. Finally, Plaintiff alleges that this conduct constituted a breach of Defendant's contract with Ms. Sanford. Accordingly, Plaintiff initiated the present action on behalf of himself and Ms. Sanford's estate. He alleged the following causes of action: fraud, breach of the duty of good faith and fair dealing, breach of contract, tortious breach of contract, bad faith, conversion, breach of fiduciary duty, and negligence.

Defendant filed a motion to dismiss Plaintiffs' state law claims on the basis that they are preempted by the Employment Retirement Income Security Act ("ERISA").[1] The Court now considers that motion.

## II. DISCUSSION

*A.    Standard of Review*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)

---

[1] 29 U.S.C. § 1001, et seq.

2

(punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

In response to Defendant's motion, Plaintiffs provided and referred to a number of documents outside the Complaint. In fact, it is fair to say that Plaintiffs used their briefing to substantially expand the scant factual allegations of the Complaint. Rule 12(d) gives the Court the discretion to either consider or exclude matters outside the pleadings that are presented on a 12(b)(6) motion. FED. R. CIV. P. 12(d); *see also*

3

*Griffith v. Johnson*, 899 F.2d 1427, 1432 n. 2 (5th Cir. 1990). In the present case, the Court declines to consider any material outside the Complaint.

## B.   *Preemption*

Defendant argues that all of Plaintiff's state law claims are preempted by ERISA. There are two sections of ERISA that might preempt a plaintiff's state law claims: 29 U.S.C. § 1144(a), and 29 U.S.C. § 1132(a)(1)(B). *Woods v. Tex. Aggregates, L. L. C.*, 459 F.3d 600, 602 (5th Cir. 2006). Section 1144(a) addresses "conflict" preemption, while Section 1132(a)(1)(B) addresses "complete" preemption. *Id.* at 602-03. In the present case, it is unnecessary for the Court to look beyond Section 1144(a), which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).[2] A "State law" is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c).

The Fifth Circuit has described the requirements for "conflict" preemption under Section 1144(a):

> ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Although the term "relate to" is intended to be broad, preemption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability. If the facts underlying a state law claim bear some relationship to an

---

[2]It is undisputed that the retirement plan at issue is governed by ERISA.

> employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives.
>
> Relevant statutory objectives include establishing uniform national safeguards with respect to the establishment, operation, and administration of employee benefit plans, and establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans. Thus, ERISA preempts a state law claim if a two-prong test is satisfied: (1) The state law claim addresses an area of exclusive federal concern such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Mayeaux v. La. Health Serv. & Ind. Co.*, 376 F.3d 420, 432 (5th Cir. 2004) (punctuation and citations omitted).

   1.   *Fraud and Breach of Duty of Good Faith and Fair Dealing*

Plaintiffs' claims for fraud and breach of the covenant of good faith and fair dealing are premised upon allegations that Defendant knew, or should have known with reasonable diligence, that the power of attorney executed by Gerlinde Sanford was invalid; and that Defendant failed to invalidate the transfer of benefits or properly investigate it. These claims clearly involve "the right to receive benefits under the terms of an ERISA plan" insofar as Plaintiffs challenge Defendant's actions in honoring the change of beneficiary form submitted by the Schneiders. *Id.* Further, they directly affect the traditional ERISA relationships among the following parties: Plaintiff Sanford, a plan beneficiary; Gerlinde Sanford's siblings, plan beneficiaries; and Defendant, the insurer. *Id.* Finally, the Fifth Circuit has held that "a state law governing the designation of an ERISA beneficiary 'relates to' the ERISA plan, and is . . . preempted." *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000). Accordingly, the

5

Court concludes that Plaintiffs' claims of fraud and breach of the covenant of good faith and fair dealing are preempted by ERISA.

    2.    *Breach of Contract, Tortious Breach of Contract, Bad Faith, Breach of Fiduciary Duty, Negligence, and Gross Negligence*

Plaintiffs' claims for breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence are premised upon Defendant's alleged failure to pay benefits to Plaintiff William Sanford and wrongful payment of benefits to Gerlinde Sanford's siblings. Again, these claims clearly involve "the right to receive benefits under the terms of an ERISA plan" insofar as Plaintiff Sanford claims that he is entitled to additional benefits and challenges Defendant's payment of benefits to Gerlinde Sanford's siblings. *Id.* Further, they directly affect the traditional ERISA relationships among the following parties: Plaintiff Sanford, a plan beneficiary; Gerlinde Sanford's siblings, plan beneficiaries; and Defendant, the insurer. *Id.* Indeed, the right to receive benefits under an ERISA plan is an area of exclusive federal concern. *See Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001). Accordingly, the Court concludes that Plaintiffs' claims of breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence are preempted by ERISA.

    3.    *Conversion*

Plaintiffs' conversion claim is premised upon Defendant's alleged wrongful use of property which rightfully belongs to Plaintiffs. The Complaint does not specifically identify the property at issue, but the Court assumes that Plaintiffs are referring to the

6

plan benefits which were transferred to Gerlinde Sanford's siblings. The Court finds that Plaintiffs' conversion claim is preempted by ERISA for the same reasons as their claims for breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion to Dismiss [33] Plaintiffs' state law claims. Plaintiffs' state law claims are dismissed with prejudice. Plaintiff did not expressly plead an ERISA claim, but it appears as if they intended to do so. In any case, the Court finds that Plaintiffs "should be given an opportunity to see leave to amend [their] complaint to state a claim for relief under ERISA." *Hall v. Newmarket Corp.*, 747 F. Supp. 2d 711, 718-19 (S.D. Miss. 2010). Plaintiffs shall file a motion for leave to file an amended complaint within ten (10) days of the entry of this opinion. If Plaintiffs do not seek leave to file an amended complaint, the Court will dismiss this action with prejudice.

So ordered and adjudged this 24th day of February,

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE