IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIAM F. SANFORD, et al.**  **PLAINTIFFS**

**v.**  **CIVIL ACTION NO. 2:11-CV-122-KS-MTP**

**TIAA-CREF INDIVIDUAL &**
**INSTITUTIONAL SERVICES, LLC**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [44] filed by Defendant TIAA-CREF Individual & Institutional Services, LLC.

### I. BACKGROUND

The individual Plaintiff is the former husband of Gerlinde U. Sanford, who died on April 27, 2010. During her lifetime, Ms. Sanford accumulated assets in a retirement account with Defendant TIAA-CREF Individual & Institutional Services, LLC ("TIAA-CREF"). On the day before she died, Ms. Sanford executed a power of attorney to Gerd K. Schneider and Georgia A. Schneider. One day later, the Schneiders presented the power of attorney to TIAA-CREF and attempted to change the beneficiaries on the account to Ms. Sanford's siblings. Plaintiff believes that the power of attorney was invalid for a number of reasons, and Plaintiff further believes that the Schneiders used the invalid power of attorney to transfer a fifty percent interest in the account to Ms. Sanford's siblings.

Plaintiff alleges that TIAA-CREF initially rejected the attempt to change the

beneficiary of Ms. Sanford's account, but that it subsequently reversed its position and allowed the transfer. Plaintiff further alleges that TIAA-CREF wrongfully distributed funds from Ms. Sanford's account while it was aware, or should have been aware, that the power of attorney was invalid. Finally, Plaintiff alleges that this conduct constituted a breach of TIAA-CREF's contract with Ms. Sanford. Accordingly, Plaintiff initiated the present action on behalf of himself and Ms. Sanford's estate. He alleged the following causes of action: fraud, breach of the duty of good faith and fair dealing, breach of contract, tortious breach of contract, bad faith, conversion, breach of fiduciary duty, and negligence.

On October 28, 2011, TIAA-CREF filed a motion to dismiss Plaintiffs' state law claims on the basis that they are preempted by the Employment Retirement Income Security Act ("ERISA").[1] The Court granted the motion on February 24, 2012, and instructed Plaintiffs to seek leave to amend their complaint to state a claim for relief under ERISA. *Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 U.S. Dist. LEXIS 23600 (S.D. Miss. Feb. 24, 2012). Plaintiffs sought and received leave to file an Amended Complaint, which they filed on March 29, 2012 [41]. Therein, Plaintiffs asserted claims under ERISA Sections 1132(a)(1)(B) and (a)(3). TIAA-CREF filed a Motion to Dismiss [44] the Section 1132(a)(3) claim, which the Court now addresses.

## II. DISCUSSION

---

[1] 29 U.S.C. § 1001, et seq.

2

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements,

supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

Plaintiffs asserted two claims against TIAA-CREF, and the present motion concerns the second one. Plaintiffs claim that they are entitled to equitable injunctive relief under 29 U.S.C. § 1132(a)(3). They demand that TIAA-CREF replace all funds removed or paid to parties other than Plaintiff William Sanford from the retirement account at issue, as TIAA-CREF's alleged actions in this matter constitute breaches of its fiduciary duties. However, Plaintiffs also asserted a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). TIAA-CREF argues that Plaintiffs are not permitted to seek an equitable remedy under Section 1132(a)(3) because they have an adequate legal remedy under Section 1132(a)(1)(B).

ERISA Section 1132(a)(1)(B) "enables beneficiaries to sue for plan benefits," while Section 1132(a)(3) "is a 'catchall' provision entitling a beneficiary to other appropriate equitable relief for fiduciary duty breaches." *Lanbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 307 n. 14 (5th Cir. 2007) (punctuation omitted). However, only plan beneficiaries whose injures can not be adequately remedied by any other section of ERISA may pursue an equitable remedy under Section 1332(a)(3). *Estate of Bratton v. Nat'l Union Fire Ins.*, 215 F.3d 516, 526 (5th Cir. 2000); *see also Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996).

Plaintiffs seek the restoration of funds to Gerlinde Sanford's retirement account and disbursement of the same funds to Plaintiff William F. Sanford. They argue that

injunctive relief under Section 1132(a)(3) is necessary in order to recover the *specific* funds transferred from the account prior to the disbursement of funds. The Court is not convinced that this is a significant distinction. Money is fungible, and Plaintiffs seek the restoration of money to the account for the purpose of disbursing it to Plaintiff William Sanford. If Plaintiffs are successful, it does not appear that they would receive anything more through Section 1132(a)(3)'s equitable remedy than they would through Section 1132(a)(1)(B)'s legal remedy. Indeed, beyond the argument that Defendant must restore the specific funds that were transferred from the account, Plaintiffs have not explained how a Section 1132(a)(1)(B) claim for damages is inadequate here.

In short, Plaintiffs obviously want "what was supposed to have been distributed under a plan;" therefore, "the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B)." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *see also Coan v. Kaufman*, 333 F. Supp. 2d 14, 26 (D. Conn. 2004) ("Requesting the intermediate step of reviving long-terminated funds solely for the purpose of channeling funds from" a defendant to a plaintiff "does not transform what is effectively a money damages request into equitable relief.").

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion to Dismiss [44] Plaintiffs' claim under ERISA Section 1132(a)(3).

So ordered and adjudged this 4th day of May, 2012.

*s/Keith Starrett*

5

UNITED STATES DISTRICT JUDGE